Diane S. Sykes, OSB No. 980990
diane@dianessykeslaw.com
**Diane S. Sykes,**
**Attorney at Law, P.C.**
P.O. Box 820208
Portland, Oregon 97282
Telephone: 503.504-7176

Of Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON - PORTLAND DIVISION

| | |
|---|---|
| **NANCY HADBAVNY,**<br><br>Plaintiff,<br><br>v.<br><br>**LEGACY HEALTH SYSTEM CPC, LLC,** an Oregon corporation, and **LEGACY HEALTH, a domestic non-profit corporation,**<br><br>Defendants. | Case No. 3:14-cv-01670-AC<br><br>**AMENDED COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF**<br><br>(29 U.S.C. § 207(a)(1) and 29 U.S.C. § 215(a)(3), Fair Labor Standards Act, ORS 653.261, ORS 652.160 & ORS 652.355, Oregon Wage Claim Laws, breach of contract and ORS 659A.030(1)(a) & (f), and state unlawful employment practices on the basis of age in employment)<br><br>**JURY TRIAL REQUESTED** |

### NATURE OF THE CASE

1. Plaintiff, Nancy Hadbavny, brings this action for non-payment of overtime wages, pursuant to 29 U.S.C. § 207(a)(1) and ORS 653.261, hourly pay for regular hours worked, pursuant to ORS 652.160, as well as under breach of contract.

2. Defendants discriminated and retaliated against plaintiff, in violation of 29 U.S.C. § 215(a)(3) and ORS 652.355, because she made a wage claim and discussed, inquired

about and consulted with an attorney about a wage claim.

3. Defendants further discriminated and retaliated against plaintiff in employment, in violation of 659A.030(1)(a), on the basis of age, and ORS 659A.030 (f), for opposing unlawful employment practices.

## JURISDICTION AND VENUE

4. This court has jurisdiction pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant to 29 U.S.C. § 207(a)(1) and 29 U.S.C. § 215(a)(3).

5. This court has jurisdiction over plaintiff's state law claims pursuant to supplemental jurisdiction to hear related state law claims under 28 U.S.C. § 1367(a). The federal claims herein have substance sufficient to confer subject matter jurisdiction.

6. Actions complained of herein took place within the jurisdiction of the United States District Court, District of Oregon. Accordingly, venue in this judicial district is proper under 28 U.S.C. § 1391.

## PARTIES

7. Nancy Hadbavny, (hereinafter "Plaintiff"), is an "individual" and "employee," pursuant to ORS 659A.001(3), ORS 652.310(2) and 29 U.S.C. § 203(a) and sues in her individual capacity. Ms. Hadbavny resides in Columbia County.

8. At all times material to this complaint, Legacy Health System CPC, LLC, (hereinafter "Legacy Health System"), is an Oregon corporation with a principal place of business at 1919 NW Lovejoy Street, Portland, Oregon, in Multnomah County. Legacy Health System is a "person" and "employer," pursuant to ORS 659A.001(4), ORS 652.310(1) and 29 U.S.C. § 203(d), and acts through its officers, agents and employees.

9. Legacy Health (hereinafter "Legacy Health"), is an Oregon non-profit corporation with a principal place of business in Multnomah County, located at 1919 NW Lovejoy Street, Portland, Oregon. Legacy Health System is a "person" and "employer," pursuant to ORS 659A.001(4), ORS 652.310(1) and 29 U.S.C. § 203(d), and acts through its officers, agents and employees.

10. Defendants Legacy Health System CPC LLC, and Legacy Health, are referred to collectively as "Defendants" in this complaint.

## FACTUAL ALLEGATIONS

11. Plaintiff has been employed by defendants as an Intensive Care Unit (ICU) nurse for over 40 years.

12. Throughout her employment with defendants, plaintiff has consistently received outstanding reviews for her skills as an ICU nurse.

13. Plaintiff is 67 years of age.

14. During the relevant periods of employment, plaintiff has been employed by defendant to work three (3)-twelve-hour (12) shifts in the ICU.

15. By its nature, the ICU is a fast-paced work environment with limited opportunities to contemporaneously complete medical charting.

16. With full knowledge by defendants, nurses, including but not limited to plaintiff, clocked out after a scheduled shift, to complete charting notes, to prepare the subsequent shift for a smooth transition in patient care.

17. Plaintiff worked, on average, an additional twelve (12) hours, per workweek, to complete her medical charting after completion of her shifts.

18. From 2008-2013, defendants, its managers and supervisors were aware of plaintiff's practice of clocking out from her shift to complete her medical charting but failed to advise her

that her regular and overtime hours spent charting were compensable time and acquiesced to the practice.

19. During the years 2008 to 2013, plaintiff worked regular and overtime hours during each workweek for which she was not compensated.

20. In approximately 2011, defendants began to require that nurses contemporaneously complete charting through a newly-introduced electronic medical charting system.

21. Staff were given little training or support to transition to an electronic system of medical charting.

22. In January, 2014, plaintiff's husband, who suffers from Multiple Sclerosis, contacted plaintiff's manager during a period of disorientation, to inquire about his wife's whereabouts and long hours.

23. At the point at which defendants were on clear notice of their unlawful wage and hour practices, defendants began to pressure plaintiff to complete her charting in less time to avoid necessary accrual of overtime hours.

24. In January, February and June 2014, defendants' managers, and human resources representatives required plaintiff to attend meetings to counsel plaintiff on the length of time she required to complete her charting, repeatedly noting that plaintiff took significantly more time than her younger counterparts.

25. Once advised by defendant that she should document all hours of employment, plaintiff complied with defendants' request.

26. Although defendants agreed to afford plaintiff some additional time to complete her medical charting, due to her age, plaintiff was under constant scrutiny and pressure to complete her electronic charting and targeted for discipline, unlike her younger colleagues.

27. During these meetings with defendants, plaintiff requested additional training on

electronic charting systems, and further guidance on the level of detail required by defendants for medical charting, in an effort to satisfy her employer's requests. Plaintiff received no additional training or guidance.

28. On or about April 1, 2014, defendants' managers and human resources requested a meeting with plaintiff but denied plaintiff's request to have legal counsel present. During the meeting, one manager inquired about plaintiff's age and asked her when she planned to retire.

29. In June, 2014, plaintiff discussed and complained about age discrimination and wage and hour violations by defendants.

30. On June 12, 2014, defendants' managers and human resources requested a meeting and, again, denied plaintiff's request to have her legal counsel present.

31. During the June 12, 2014 meeting, plaintiff was given an impromptu performance evaluation without affording plaintiff the opportunity, in advance, to review and respond to the comments, as had been the longtime practice.

32. Plaintiff received exemplary reviews for her performance as an ICU nurse.

33. During the June 12, 2014 meeting, defendants handed plaintiff a two-page document to sign without opportunity to review it. Plaintiff was unaware that she was being asked to sign a performance improvement plan (PIP) which required her to complete her medical charting in less time, as well as other reporting requirements, such as an explanation for when plaintiff worked over her allotted hours, conditions not imposed on her younger colleagues.

34. After plaintiff asserted her claim to unpaid wages and complained about age discrimination, defendants targeted plaintiff for discrimination and retaliation for opposing defendants' unlawful employment practices.

///

## FIRST CLAIM FOR RELIEF
### Fair Labor Standards Act
(Failure to Pay Overtime, pursuant to 29 U.S.C. § 207(a)(1))

35. Plaintiff realleges and incorporate paragraphs 1-34 as if fully stated herein.

36. During 2008-2013, Defendants failed to pay plaintiff, at her regular rate of pay, for all hours worked over 40 hours in each calendar workweek.

37. Defendants' failure to pay overtime wages was willful.

38. Pursuant to 29 U.S.C. § 207(a)(1), plaintiff seeks unpaid overtime wages in the amount of $45,930.28.

39. Pursuant to 29 U.S.C. § 216(b), plaintiff seeks an equal amount in liquidated damages.

40. Pursuant to 29 U.S.C. § 216(b), plaintiff seeks legal, equitable and declaratory relief as may be appropriate.

41. Pursuant to 29 U.S.C. § 216(b), plaintiff is entitled to reasonable attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
### Fair Labor Standards Act
(FLSA Discrimination, pursuant to 29 U.S.C. § 215(a)(3))

42. Plaintiff realleges and incorporate paragraphs 1-41 as if fully stated herein.

43. Defendants discriminated against plaintiff because she filed a complaint and/or instituted or caused to be instituted a wage claim under FLSA.

44. Pursuant to 29 U.S.C. § 216(b), plaintiff seeks payment of lost wages and an additional equal amount as liquidated damages.

45. Pursuant to 29 U.S.C. § 216(b), plaintiff seeks legal, injunctive, equitable and declaratory relief as may be appropriate.

46. Pursuant to 29 U.S.C. § 216(b), plaintiff is entitled to reasonable attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF
(State Law Claims for Failure to Pay Overtime Wages pursuant to ORS 653.261)

47. Plaintiff realleges and incorporates paragraphs 1-37 as if fully stated herein.

48. During 2008-2013, defendants failed to pay plaintiff one and one-half times her hourly rate of pay for all hours worked over 40 hours in a calendar week.

49. On August 25, 2014, plaintiff provided defendants with written notice of nonpayment, pursuant to ORS 652.150(2).

50. Defendants have failed to pay any unpaid wages to date.

51. Pursuant to ORS 653.261(1), plaintiff seeks unpaid overtime wages in the amount of $20,323.39.

52. Pursuant to ORS 652.150, plaintiff seeks civil penalties of 8 hours multiplied by plaintiff's hourly rate times 30 days.

53. Pursuant to ORS 653.055(4) and ORS 652.200(1), plaintiff is entitled to her reasonable attorneys' fees and costs.

### FOURTH CLAIM FOR RELIEF
(State Law Claims for Failure to Pay Regular Hourly Wages, pursuant to ORS 652.160)

54. Plaintiff realleges and incorporate paragraphs 1-37 and 43 as if fully stated herein.

55. Defendants have failed to pay plaintiff all regular wages due and not in dispute.

56. Pursuant to ORS 652.160, plaintiff seeks all regular hourly wages, currently due and owing, in the amount of $68,029.99.

57. Pursuant to ORS 652.150, plaintiff seeks civil penalties of 8 hours multiplied by plaintiff's hourly rate times 30 days.

58. Pursuant to ORS 653.055(4) and ORS 652.200(1), plaintiff is entitled to her reasonable attorneys' fees.

## FIFTH CLAIM FOR RELIEF
(Breach of Contract)

59. Plaintiff realleges and incorporates paragraphs 1-37, 43, 48-50 and 55 as if fully stated herein.

60. Plaintiff entered into a contractual agreement with defendants to perform the services of an ICU nurse at a specified rate of regular and overtime pay.

61. Defendants were aware that plaintiff was working hours for which she was not being compensated.

62. In her position as an ICU nurse, defendant requires plaintiff to complete medical charting for each patient.

63. Defendants Legacy Health breached the employment agreement with plaintiff by failing to pay plaintiff the contractually-established rate of regular and overtime.

64. Plaintiff has been damaged as a direct and proximate result of defendants' breach of the employment agreement.

65. Plaintiff is entitled to unpaid regular and overtime wages, in the amount of $113,960.27, for defendants' breach of the employment agreement.

## SIXTH CLAIM FOR RELIEF
(Wage Claim Discrimination, pursuant to ORS 652.355(1)(a))

66. Plaintiff realleges and incorporates paragraphs 1-37, 43, 48-50 and 55 as if fully stated herein.

67. Defendants discriminated against plaintiff because she made a wage claim and/or discussed, inquired about and consulted with an attorney about her wage claims, in violation of ORS 652.355(1)(a).

68. Pursuant to ORS 659A.885(4), plaintiff seeks compensatory damages for loss of reputation, emotional and mental distress, degradation, embarrassment and humiliation for which plaintiff seeks compensation in an amount to be determined at trial by a jury.

69. Pursuant to ORS 659A.885(1), plaintiff seeks injunctive, equitable and declaratory relief.

70. Pursuant to ORS 659A.885(1), plaintiff seeks her reasonable attorneys' fees.

## SEVENTH CLAIM FOR RELIEF
(State Law Claim for Age Discrimination in Employment, pursuant to ORS 659A.030(1)(a))

71. Plaintiff realleges and incorporates paragraphs 1-34, 36-37, 48-50, 55 and 60-64 as if fully stated herein.

72. Defendants discriminated against plaintiff, on the basis of age, in terms, conditions, benefits and privileges of employment, in violation of ORS 659A.030(1)(a).

73. Pursuant to ORS 659A.885(4), plaintiff seeks compensatory damages for loss of reputation, emotional and mental distress, degradation, embarrassment and humiliation for which plaintiff seeks compensation in an amount to be determined at trial by a jury.

74. Pursuant to ORS 659A.885(1), plaintiff seeks injunctive, equitable and declaratory relief.

75. Pursuant to ORS 659A.885(1), plaintiff seeks her reasonable attorneys' fees.

### EIGHTH CLAIM FOR RELIEF
(State Law Claim for Discrimination for Opposing Unlawful Employment Practices, pursuant to ORS 659A.030(1)(f))

76. Plaintiff realleges and incorporates paragraphs 1-34, 36-37, 48-50, 55, 60-64, 67 and 72 as if fully stated herein.

77. Defendants discriminated against plaintiff because she opposed unlawful practices and/or because she filed a complaint or attempted to do so, in violation of ORS 659A.030(1)(f).

78. Pursuant to ORS 659A.885(4), plaintiff seeks compensatory damages for loss of reputation, emotional and mental distress, degradation, embarrassment and humiliation for which plaintiff seeks compensation in an amount to be determined at trial by a jury.

79. Pursuant to ORS 659A.885(1), plaintiff seeks injunctive, equitable and declaratory relief.

80. Pursuant to ORS 659A.885(1), plaintiff seeks her reasonable attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff requests the court to order the following relief:

1. Assume jurisdiction over each of the causes set forth herein;

2. On her FIRST claim for relief, unpaid overtime wages, pursuant to the federal Fair Labor Standards Act, in the amount of $45,930.28, plus liquidated damages in an equal amount;

3. On her SECOND claim for relief, FLSA retaliation, payment of wages lost, plus

liquidated damages, in an equal amount;

    4. On her THIRD claim for relief, unpaid overtime wages, under Oregon law, in the amount of $20,323.39, plus statutory damages of thirty days' wages;

    5. On her FOURTH claim for relief, unpaid regular wages, under Oregon law, in the amount of $68,029.99, plus statutory damages of thirty days' wages;

    6. On her FIFTH claim for relief, unpaid regular and overtime wages, in the amount of $113,960.27, for defendants' breach of the employment agreement;

    7. On her SIXTH claim for relief, state law wage discrimination, compensatory damages for loss of reputation, emotional and mental distress, degradation, embarrassment and humiliation for which plaintiff seeks compensation in an amount to be determined at trial by a jury;

    8. On her SEVENTH claim for relief, state law age discrimination in employment, compensatory damages for loss of reputation, emotional and mental distress, degradation, embarrassment and humiliation for which plaintiff seeks compensation in an amount to be determined at trial by a jury;

    9. On her EIGHTH claim for relief, state law claim for discrimination for opposing unlawful employment practices, compensatory damages for loss of reputation, emotional and mental distress, degradation, embarrassment and humiliation for which plaintiff seeks compensation in an amount to be determined at trial by a jury;

    10. Declare that defendants failed to pay plaintiff regular and overtime wages, which defendants knew were unpaid and owing, that defendant's conduct was willful and an order

requiring that defendants correct the this deficiency;

11. Declare that defendants discriminated against and/or retaliated against plaintiff, under FLSA and state anti-retaliation laws, for inquiring, complaining about and asserting a wage claim, and an order requiring that defendants correct the this deficiency;

12. Declare that defendants discriminated against plaintiff, on the basis of age in employment, and an order requiring that defendants correct the this deficiency;

13. Declare that defendants discriminated against, and/or retaliated against plaintiff for opposing defendants' unlawful employment practices, and an order requiring that defendants correct the this deficiency;

14. Grant a permanent injunction enjoining defendants, officers, management personnel, employees, and all persons in active concert or participation with defendants, from engaging in any employment practice which discriminates on the basis of asserting wage claims, age discrimination claims or for opposing unlawful employment practices, on such terms as the court may direct;

15. Order all appropriate injunctive relief, including a requirement that defendants to carry out and institute policies, practices, and programs providing for equal employment opportunities which affirmatively eradicate the effects of past and present unlawful employment practices, on such terms as the court may direct;

16. Order plaintiff equitable relief, including the expungement of all references to negative retaliatory investigative findings that are in plaintiff's personnel file, supervisory file and any other working file;

17. Award plaintiff plaintiff reasonable attorney fees, costs of suit and expert witness fees, pursuant to 29 U.S.C. § 216(b), ORS 653.055(4), ORS 652.200(1) and ORS 659A.885(1);

18. Order defendants to pay prejudgment and post judgment interest, as appropriate, on all amounts due to plaintiff as a result of this action; and

19. Order such further or alternative relief in favor of plaintiff as the court deems appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact or combined questions of law and fact raised by this complaint.

DATED: 23RD DAY OF OCTOBER, 2014

**DIANE S. SYKES, ATTORNEY AT LAW, P.C.**

By: /s/Diane S. Sykes
Diane S. Sykes, OSB 980990
Of Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that counsel for plaintiff served the foregoing **AMENDED COMPLAINT** on the following:

Robert Carey
Tonkon Torp LLP
1600 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204
bob.carey@tonkon.com

and Blerina Kotori, defendants' co-counsel, ***via e-mail only***: blerina.kotori@tonkon.com

By mailing in a sealed envelope with postage prepaid thereon, at the above addresses, and deposited with the United States Postal Service at Portland, Oregon, on the date set forth below and via e-mail.

Dated this 23rd day of October, 2014.

DIANE S. SYKES, ATTORNEY AT LAW, P.C.

/s/ *Diane S. Sykes*
Diane S. Sykes, OSB No. 980990
Of Attorneys for Plaintiff Nancy Hadbavny

Page 1- CERTIFICATE OF SERVICE